[Civ. No. 10004. Second Appellate District, Division Two.—May 24, 1935.]

R. V. PEARSALL, Respondent, v. H. H. TOWNSEND et al., Defendants; E. A. PARKFORD et al., Appellants.

A. L. Abrahams and L. R. Van Burgh for Appellants.

Louis N. Whealton and Raymond J. Kirkpatrick for Respondent.

CRAIL, J.—This is an appeal from a judgment in favor of the plaintiff in an action upon a contract made between the defendants and H. H. Townsend for the express benefit of the plaintiff. Hereafter he will be referred to as Townsend and will not be included when the word defendants is used. It is the contention of the defendants that the plaintiff, a third person, cannot enforce the contract against them, the defrauded parties, where the contract could not be enforced by the said Townsend. In order to understand this contention it will be necessary to set forth a statement of the facts rather fully.

The defendant Parkford owned all of the stock of the defendant company. The defendant company was the owner of a tract of land in Los Angeles County hereafter called "Hollydale". Townsend was a real estate broker. Townsend entered into a contract with the company dated August 29, 1923, and hereafter called "Exhibit A", by the terms of which Townsend agreed at his own cost and expense to subdivide the property and lay out and improve the streets and alleys and also to sell lots, paying all the sale expenses, in consideration of which Townsend was to receive one-half of the gross sales price of all lots sold.

Pending the negotiations of the aforesaid contract Townsend and plaintiff Pearsall entered into a contract by the

terms of which the plaintiff agreed to do the necessary engineering, surveying and map work to subdivide the said property, staking the lots, surveying streets, and preparing the profiles and maps. The defendants admit in their briefs that the plaintiff thereafter did the work required of him under his contract and that the price fixed was fair and reasonable. It is undisputed also that the defendants knew that the plaintiff was performing and had performed the said work in the subdivision. Townsend proceeded under the contract Exhibit A for several months with the defendant company, but difficulties between him and the company arose out of Townsend's failure to account for moneys received by him and other acts claimed by the defendant company to have been fraudulent.

In an effort to adjust and settle these difficulties the defendant Parkford made the contract with Townsend upon which the plaintiff bases his action, hereafter called "Exhibit B". Under the terms of said contract Townsend assigned to the said defendant all of his interest in said subdivision and further agreed, "As consideration for this assignment the party of the second part agrees to advance and pay the commissions, salaries and other expenses incurred by the party of the first part and owing on account of the sales made and work done under said contract and further agrees to finance the completion of said contract in the manner hereinafter stated. . . . All existing contracts for improvements of streets, sidewalks, etc., shall be carried out and financed by the party of the second part hereunder". Thereupon the plaintiff stated to the said defendant that the total amount of his bill for services performed in the subdivision was $5,070. It is not contended by defendants that the contract in part was not made expressly for the benefit of the plaintiff.

In the meantime the plaintiff received from the defendants a letter substantially as follows: "We have made a settlement with Mr. H. H. Townsend under which *we accept payments* of the outstanding obligations for the improvement work in Hollydale. Under this agreement we accept payment of the [plaintiff's] bill and enclose check for $1,000.00, the balance to be paid in payments of $250.00 each." A month later the defendants asked plaintiff to send them a

statement of his bill. This he did. In said statement the defendant company was named as debtor, and not Townsend. Two additional payments of $250 each were also made as above designated. The defendants and Townsend then proceeded under the two contracts above referred to, but trouble again arose between him and the defendants, and the defendants contended that Townsend was continuing his fraudulent practices. As a result the defendants refused to go further with either contract and Townsend sued the defendants in the superior court in an action which was prior to the present one. By stipulation of the parties the entire judgment roll in the former case was admitted in evidence herein. That action was for an accounting against the same defendants, for the appointment of a receiver to carry out the contracts, Exhibits A and B, and for general relief. Defendants answered said action and pleaded the fraud of said Townsend as a defense, but they did not rescind their contracts with Townsend and have not rescinded said contracts to this date; neither did the defendants restore or make any endeavor to restore any of the consideration received by them in the performance of said contracts. They retained all of the consideration and benefits they had received including the improvements to their land contributed by the plaintiff. They elected to proceed under their remedy for damages, specifically waiving any greater damages than the acceptance of all benefits and consideration theretofore received. In said prior action between the defendants and Townsend the court found that "the defendants are entitled to retain said tract and all improvements thereon, and all contracts and monies and other things of value received heretofore, or which may hereafter be received by them, or either of them, in any manner whatsoever". The court also found in said prior action that both contracts were procured by the fraud and false representations of Townsend, but the court did not find that any of his representations with regard to the plaintiff were false or fraudulent, and it is not claimed that the plaintiff participated in any manner in any fraudulent transaction, and no accusations are made by the defendants as to either the value of the plaintiff's services or as to the good faith with which they were rendered. The court further found and entered judgment that the two contracts were

rightfully terminated by the defendants, and that the defendants did not owe the said Townsend any sum whatever and that said Townsend had no claim or demand against the defendants or either of them in law or in equity under said contracts. Three months after the entry of the above judgment the plaintiff began the present action which was based upon the contract Exhibit B.

It is the first contention of the defendants that "A third person cannot enforce a contract made in part for his benefit against one of the parties thereto which cannot be enforced by the party through whom such third person claims because of the fraud of such contracting party in the procurement of the contract". This is not the rule in a case such as this where after discovery of the fraud the aggrieved party does not rescind the contract but retains the consideration and benefits flowing therefrom. Section 1559 of the Civil Code reads as follows: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

It is the second contention of the defendants that "The contract upon which respondent sues was terminated by judicial decree and was thereby rescinded and rendered dead and unenforceable". In the prior action between the defendants and Townsend the contracts were not rescinded but were merely terminated and damages for fraud were assessed against Townsend.

The judgment in the present case was against both defendants, and it is the final contention of the defendants that "the separate existence of a corporation, all of the stock of which belongs to an individual, may not be disregarded because of such stock ownership. Such corporate existence may be disregarded only where it appears that the observance of the separate existence would sanction a fraud or promote injustice and where it is shown that such a unity of interest and ownership exists that the individuality of the corporation and the stock owned has ceased". The contract designated as Exhibit A was signed by the defendant company. The contract designated as Exhibit B was signed by the defendant Parkford. The letter to the plaintiff which read, "We have made a settlement with Mr. H. H. Townsend under which . . . we accept payment of the [plaintiff's] bill", etc., was signed by the company "by E. A.

Parkford, President''. It is apparent from an examination of the evidence in the case and also from the findings that the defendant Parkford confused his identity with the defendant company so that there was no separate individuality between them. And it is apparent further that the observance of the separate existence of the two defendants would promote injustice. If the separate identities were maintained, the defendant company which nominally received the benefits of the work done by the plaintiff would be in a position to claim an escape from liability because perchance Exhibit B was signed by the defendant Parkford; and at the same time Parkford would be in a position to claim an escape from liability because he nominally had not received and retained the benefits. We find no merit in this contention.

Judgment affirmed.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 13, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1935.